# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| BRANDON O'NEAL KING,<br><br>　　Plaintiff,<br><br>　　v.<br><br>APPLING COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　Defendants. | CIVIL ACTION NO.: 2:21-cv-106 |
| BRANDON O'NEAL KING,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JACKIE JOHNSON, et al.,<br><br>　　Defendants. | CIVIL ACTION NO.: 2:22-cv-3 |

## ORDER

These matters are before the Court on Plaintiff's Complaints in the above-captioned cases. After review, the Court has determined Plaintiff's allegations in the two suits are related to each other. Thus, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:22-cv-3 upon the record and docket of Civil Action Number 2:21-cv-106; **CONSOLIDATE** Civil Action Numbers 2:21-cv-106 and

AO 72A
(Rev. 8/82)

2:22-cv-3; **ADD** Jane Kennedy and Stuart Boyer as named Defendants upon the record and docket in Case Number 2:21-cv-106; and **CLOSE** Civil Action Number 2:22-cv-3 and enter the appropriate judgment of dismissal in Civil Action Number 2:22-cv-3. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 2:22-cv-3, dkt. no. 2, as Plaintiff has been granted pauper status in Case Number 2:21-cv-106, dkt. no. 8.

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)

(explaining courts can sua sponte consolidate cases under Rule 42(a)).

In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Plaintiff's two Complaints reveals he is contesting events that occurred in Baxley, Georgia, from December 2020 through July 2021. For example, Plaintiff contends in both Complaints an individual named Randall Byrd shot him on December 3, 2020, Plaintiff saw Randall Byrd the next month and pressed charges against Plaintiff as a result of this encounter, and Plaintiff is being criminally prosecuted as a result. The resolution of the allegations in both Complaints will likely require application of common factual and legal questions. In light of the facts presented and the factors set forth in Hendrix, the Complaints in these two causes of action should be considered together to ensure consistent rulings.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:22-cv-3 upon the record and docket of Civil Action Number 2:21-cv-106; **CONSOLIDATE** Civil Action Numbers 2:21-cv-106 and 2:22-cv-3; **ADD** Jane Kennedy and Stuart Boyer as named Defendants upon the record and docket in Case Number 2:21-cv-106; and **CLOSE** Civil Action Number 2:22-cv-3 and enter the appropriate judgment of dismissal in Civil Action Number 2:22-cv-3. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 2:22-cv-3, as Plaintiff has been granted pauper status in Case Number 2:21-cv-106, dkt. no. 8. Once this occurs, the Magistrate Judge will conduct the requisite frivolity review of Plaintiff's consolidated Complaints.

**SO ORDERED**, this 14 day of January, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)