IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON O'NEAL KING, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-106 |
| v. | |
| APPLING COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 14, 18, 19, 23.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Appling County Sheriff's Department, Baxley Police Department, Superior Court of Appling County, Brunswick Judicial Circuit, Superior Court of Baxley, Georgia, Appling County Detention Center, and Georgia Bureau of Investigation (which also includes the separately listed entity "Division of Forensic Sciences");

2. Plaintiff's claims against Defendant Thomas and Kennedy;

3. Plaintiff's claims against Defendant Appling County Healthcare; and

---

[1] Plaintiff filed two separate Complaints in two cases which have since been consolidated into this one action. Doc. 13. Plaintiff also filed three supplements to his Complaint, in which he added allegations against the Georgia Bureau of Investigation and the Appling County Detention Center. Docs. 18, 19, 23-1. Plaintiff's filing at document number 19 is docketed as a Motion, but that is inaccurate. The Clerk of Court is **DIRECTED** to terminate this "Motion" and to revise the docket text to reflect a supplement to Plaintiff's Complaint. Plaintiff's most recent submission is captioned as a Motion to Amend his Complaint. Doc. 23. As Plaintiff's Complaint (in its various forms) has not yet been served, the Court **GRANTS in part** the portion of Plaintiff's Motion requesting leave to amend. Doc. 23. The Court will consider Plaintiff's various filings together as a single Complaint.

  4. Plaintiff's claims against Defendant Johnson.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against Defendant Boyer and Plaintiff's Fourth Amendment claims against Defendant Boyer.[2]

Prior to frivolity review being completed, Plaintiff filed a Motion to Amend, which included a request for a preliminary injunction. Doc. 23-1 at 14. For the reasons stated below, I **RECOMMEND** the Court **DENY in part** the portion of Plaintiff's Motion requesting a preliminary injunction.

## PLAINTIFF'S CLAIMS[3]

Plaintiff's claims arise out of an incident that began on December 3, 2020. Doc. 14 at 10. At or around 10:00 p.m., Plaintiff entered the apartment where his daughter and his daughter's mother lived. Id. When he turned the bedroom light on, Randall Byrd, a man who had been staying with his daughter's mother, shot him in the chest. Id. Plaintiff and Mr. Byrd wrestled for the gun before Plaintiff was shot a second time. Id. Mr. Byrd called 911. Id. The police arrived, placed Plaintiff on a blanket, and dragged him down the stairs, which Plaintiff states violated his rights. Doc. 1 at 7. Plaintiff was transported to Appling Health Care. Id. While there, an EMS paramedic shared on Facebook in which room Plaintiff was placed. Id. Plaintiff

---

[2]  Plaintiff also filed a Motion for Entry of Default, asserting Defendants were served on November 10, 2021, and have not responded to his Complaint. Doc. 24. This is a misunderstanding of the docket—on November 10, 2021, the case was transferred to this District. Doc. 6. Frivolity review has not been completed until now, so no Defendants have been served at this time. Therefore, I **DENY as premature** Plaintiff's Motion for Entry of Default.

[3]  All allegations set forth here are taken from Plaintiff's Complaint and the supplements to Plaintiff's Complaint. Docs. 1, 14, 18, 19, 23. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

was then transported to Memorial Health Hospital in Savannah. Id. He was released 12 days later. Doc. 14 at 10.

On December 15, 2020, Plaintiff went to the police department to pick up his truck. Doc. 1 at 5. He attempted three times on the same day to retrieve his truck but was told to return after 5:00 p.m. Doc. 23-1 at 4. Upon his arrival, Defendant Boyer and Investigator McCollough walked Plaintiff around to the side of the sheriff's department and told him to put his hands behind his back. Doc. 1 at 5. Due to his condition post-surgery, Plaintiff told them he was incapable of putting his hands behind his back. Id. The two officers forced him to comply, which caused his stitches to rip open and jarred his feeding tube. Id. He was released after some time and had to return to Appling Health Care to fix his stitches. Id. Plaintiff still has not received his truck back. Plaintiff says his vehicle was illegally searched and seized by Defendant Boyer. Doc. 14 at 13.

Some time later, Plaintiff was incarcerated at the Appling County Detention Center, and he asserts claims related to that incarceration. First, Plaintiff states he received expired food on two occasions, once receiving two packs of cookies which were two weeks out of date and once receiving a pack of cookies which expired a month prior. Id. at 9. Second, Plaintiff experienced difficulties with getting his account certification paperwork processed. Id. at 11. Finally, while being placed on segregation, an officer shoved Plaintiff and began choking him. Id. at 12. Plaintiff is seeking monetary damages, a pardon, to be moved to a new jurisdiction, and the return of his vehicle which was impounded after his arrest.[4] Doc. 1 at 13; Doc. 14 at 5.

---

[4] The Court would be unable to grant his requested relief of a pardon. "When a state prisoner or detainee seeks immediate or speedier release from custody, the law is clear that his sole federal remedy is a writ of habeas corpus." Harris v. Georgia, No. CV408-38, 2008 WL 1758824, at *2 (S.D. Ga. Apr. 16, 2008). Additionally, for the reasons explained, *infra*, this Court cannot order his car to be returned to him in these circumstances.

3

**DISCUSSION**

I.  **Plaintiff's Motion for Preliminary Injunction**

Plaintiff submitted a Motion to Amend, in which he states he is seeking a preliminary injunction. Doc. 23-1 at 14. A movant bears the burden of demonstrating four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).

Plaintiff has not argued any of the four elements required to obtain preliminary injunctive relief. Instead, he merely asserts he has been imprisoned contrary to law and Defendants have the ability to correct his circumstances. Plaintiff's request is conclusory and lacks any specificity. Accordingly, Plaintiff does not meet his burden to show entitlement to a preliminary injunction, and I **RECOMMEND** the Court **DENY in part** Plaintiff's Motion requesting a preliminary injunction.

II. **Frivolity Review of Plaintiff's Complaint**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

4

attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

A. **Plaintiff's Claims Against Defendants Appling County Sheriff's Department, Baxley Police Department, Superior Court of Appling County, Brunswick Judicial Circuit, Superior Court of Baxley, Georgia, Appling County Detention Center, and Georgia Bureau of Investigation**

Plaintiff names the Appling County Sheriff's Department, the Baxley Police Department, the Superior Court of Appling County, the Brunswick Judicial Circuit, the Superior Court of Baxley, Georgia, the Appling County Detention Center, and the Georgia Bureau of Investigation in his Complaint, though he does not say what legal wrongs these entities committed against him.[5] Doc. 1 at 4; Doc. 14 at 1, 3; Doc. 18; Doc. 19 at 2. Plaintiff ostensibly attempts to hold the entities responsible for the actions of its employees. See, e.g., Doc. 1 at 7 (describing how individual officers from the Baxley Police Department improperly brought him down the stairs after he was shot by an acquaintance).

---

[5]   Plaintiff makes a vague reference to an Officer Wilkes with the Georgia Bureau of Investigation participating in a criminal investigation, but it is unclear if Plaintiff intends to name Wilkes as a Defendant. Doc. 23-1 at 7. Even if he had, Plaintiff makes no allegations against Officer Wilkes which would support a plausible claim against that individual.

To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Stegeman v. Georgia, 290 F. App'x 320, 322–23 (11th Cir. 2008) (citing Kaimowitz v. Fla. Bar, 996 F.2d 1151 (11th Cir. 1993) (finding § 1983 claims against state courts were barred by the Eleventh Amendment)); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit").

Because the Appling County Sheriff's Department, the Baxley Police Department, the Superior Court of Appling County, the Brunswick Judicial Circuit, the Superior Court of Baxley, Georgia, the Appling County Detention Center, the Georgia Bureau of Investigation are state agencies, none are a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Appling County Sheriff's Department, the Baxley Police Department, the Superior Court of Appling County, the Brunswick Judicial Circuit, the Superior Court of Baxley, Georgia, the Appling County Detention Center, and the Georgia Bureau of Investigation.

### B. Plaintiff's Claims Against Defendants Thomas and Kennedy

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to Defendant Thomas, Plaintiff fails to describe how she is connected to any constitutional violation. In fact, Plaintiff only includes her in his list of Defendants. Doc. 1 at 4.

As to Defendant Kennedy, Plaintiff recites the duties associated with her Assistant District Attorney job. Doc. 14 at 7. However, he does not describe what acts she did or did not do which caused him any harm, only saying she "know that the officer testimony is perjured." Doc. 14 at 11. Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Thomas and Kennedy.

### C. Plaintiff's Claims Against Defendant Appling County Healthcare

When Plaintiff was admitted to Appling County Healthcare, Plaintiff states a paramedic posted about his whereabouts on Facebook. Doc. 1 at 7. To state a claim for relief under § 1983, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Here, Plaintiff does not link a deprivation of a constitutional right or the violation of a law to the alleged actions of Defendant Appling County Healthcare. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Appling County Healthcare.

### D.    Plaintiff's Claim Against Defendant Johnson

After his release from the hospital, Plaintiff found he could not get his truck back because Defendant Johnson initiated a civil forfeiture case against the truck. Doc. 14 at 12. Plaintiff states the forfeiture case was wrongfully filed and the hearing on the matter was held after the mandatory 60 days. Id. Additionally, he seeks the return of his truck through this action. See Doc. 1 at 13. However, this Court is not the appropriate forum for Plaintiff's claim. "If [P]laintiff is dissatisfied with the result in [a] state court forfeiture action, he must exercise his right to *state* review." Van Lang v. St. Lawrence, No. CV406-119, 2006 WL 1653630, at *2 (S.D. Ga. June 7, 2006). "A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988).

Plaintiff also suggests Defendant Johnson participated in a miscarriage of justice. However, he does not describe what overt acts she did or did not do which caused him any harm, only saying she "know that the officer testimony is perjured." Doc. 14 at 11. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Johnson.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Appling County Sheriff's Department, Baxley Police Department, Superior Court of Appling County, Brunswick Judicial Circuit, Superior Court of Baxley, Georgia, and Appling County Detention Center, and Georgia Bureau of Investigation;

2. Plaintiff's claims against Defendant Thomas and Kennedy;

3. Plaintiff's claims against Defendant Appling County Healthcare; and

4. Plaintiff's claims against Defendant Johnson.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against Defendant Boyer and Plaintiff's Fourth Amendment claims against Defendant Boyer. Additionally, I **RECOMMEND** the Court **DENY in part** the portion of Plaintiff's Motion to Amend requesting a preliminary injunction. Doc. 23-1 at 14.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA