IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON O'NEAL KING, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-106 |
| v. | |
| STUART BOYER; ROBERT MCCULLOUGH; and ZEAL SHARPE, | |
| Defendants. | |

**O R D E R**

This Order pertains to Defendants Boyer and McCullough's pending Motions to Dismiss. Docs. 61, 80. Defendants have asked the Court to consider a body camera recording and a search warrant, both attached as exhibits to their Answer, when considering their Motions to Dismiss. Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of the complaint. Fed. R. Civ. P. 12(d); Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 1990). While there are some exceptions to this general rule, the Court has determined, after careful consideration of the exhibits and the exceptions, the submitted evidence does not qualify for any of the exceptions. However, "it is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990). Given that the body camera recording and the search warrant bear directly on whether Defendants are entitled to qualified immunity, the Court will consider that evidence. Thus, the Court uses its discretion to convert Defendants' motions to dismiss into motions for summary judgment under Federal Rule of Civil Procedure 12(d).

When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing at least 10 days for the parties to supplement the record accordingly. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). Thus, the Court will give the parties 10 days to provide additional evidence or briefing, should they desire to do so. All supplemental briefing and evidence must be provided to the Court **on or before August 14, 2023**. To be clear, no party is required to submit additional briefing or evidence, but all parties are permitted to do so.

**SO ORDERED**, this 2nd day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA