IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON O'NEAL KING, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-106 |
| v. | |
| STUART BOYER, ROBERT MCCULLOUGH, and ZEAL SHARPE, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Sharpe's Motion to Dismiss. Doc. 84. Plaintiff filed a Response opposing Defendant's Motion. Doc. 92. Defendant Sharpe replied. Doc. 94. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant Sharpe's Motion to Dismiss and **DISMISS without prejudice** Plaintiff's claims against Defendant Sharpe for failure to exhaust available administrative remedies.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff brought this suit under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourth Amendments. Docs. 1, 14. After frivolity review and an order directing Plaintiff to amend his Complaint, the Second Amended Complaint is now the operative Complaint. The following claims remain pending: Fourth Amendment illegal search claims against Defendant Boyer; Fourth Amendment excessive force claims against Defendants Boyer and McCullough; and Eighth Amendment excessive force claims against Defendant Sharpe. Doc. 68. Plaintiff alleges, while he was in the Appling County Detention Center, Defendant Sharpe choked

Plaintiff when he stepped out into the hall to get his property. Id. at 7. Defendants Boyer, McCullough, and Sharpe each filed separate Motions to Dismiss. Docs. 61, 80, 84.[1]

## DISCUSSION

Defendant Sharpe argues Plaintiff did not exhaust his administrative remedies prior to filing his Complaint.[2] Doc. 84-1 at 10–12. Plaintiff opposes dismissal on this basis generally, but he does not explain how he did exhaust administrative remedies or why he should be excused from doing so. Doc. 92 at 5.

### I. Prison Litigation Reform Act's Exhaustion Requirements

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—including the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 578 U.S. 632, 639–40 (2016) (finding the PLRA

---

[1] The Court will address the motions to dismiss filed by Defendants Boyer and McCullough separately.

[2] Defendant Sharpe also asserts he is entitled to qualified immunity and submits extrinsic video evidence to support the defense. Doc. 84-1 at 8. Given Plaintiff's claim against Sharpe is due to be dismissed for failure to exhaust, the Court declines to consider the extrinsic evidence and the qualified immunity argument.

requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Moreover, courts may not consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement). Rather, courts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim. Id.

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91–92; Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))). "[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Gooch v. Tremble, No. 1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure before initiating this suit." (quoting Higginbottom, 223 F.3d at 1261)). An incarcerated individual cannot "cure" an exhaustion defect by properly exhausting all remedies after filing suit. Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

**II.     Standard of Review for Exhaustion**

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

While exhaustion is a mandatory requirement for suing, one exception exists. Ross, 578 U.S. at 642 ("The PLRA contains its own, textual exception to mandatory exhaustion."). "Under the PLRA, a prisoner need only exhaust 'available' administrative remedies." Id. at 1856; Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017). Drawing from the plain language of the word "available," the United States Supreme Court has concluded "an inmate is required to exhaust. . . only those[] grievance procedures that are 'capable of use' to 'obtain some relief for the action complained of.'" Ross, 578 U.S. at 642; Turner, 541 F.3d at 1084 (quoting Goebert v. Lee

4

County, 510 F.3d 1312, 1322–23 (11th Cir. 2007) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose.'")).  "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."  Turner, 541 F.3d at 1084.

Courts recognize "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  Ross, 578 U.S. at 642.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  Id.; Turner, 541 F.3d at 1083 (noting the PLRA "does not require inmates to craft new procedures when prison officials demonstrate . . . they will refuse to abide by the established ones").  Second, exhaustion is not required when an administrative procedure is "so opaque" or "unknowable" that "no ordinary prisoner can discern or navigate it."  Ross, 578 U.S. at 642.  Finally, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" such thwarted inmates are not required to exhaust.  Id. at 1860; Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief."); Dimanche, 783 F.3d at 1214 ("The PLRA does not 'require[] an inmate to grieve a breakdown in the grievance process.'" (quoting Turner, 541 F.3d at 1083)); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding exhaustion does not require plaintiff-inmates "to file an appeal after being told unequivocally that appeal of an institution-level denial was precluded").

In Turner v. Burnside, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a).  541 F.3d at 1082.

First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018). This prong of the Turner test ensures there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust. Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824. "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion."). After resolving the factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust." Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209). Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.").

**III.     Applying <u>Turner</u>**

    **A.     The Appling County Jail's ("ACJ") Administrative Remedies**

ACJ Policy 5.21 establishes the procedures for the ACJ grievance system.  <u>See</u> Doc. 84-3.  Under ACJ policy, if a complaint is not handled informally, an inmate must submit an official grievance form within five days of discovery or when he reasonably should have discovered the incident.  <u>Id.</u> at 4.  The Jail Administrator is required to order an investigation of the incident to begin within 24 hours of receipt of the complaint.  <u>Id.</u>  The Jail Administrator must then provide a written response within 15 days of receiving the complaint.  <u>Id.</u>  The inmate then has three days to accept the findings or to file an appeal.  <u>Id.</u> at 4–5.  An appeal is sent to the Sheriff.  <u>Id.</u> at 5.  The Sheriff then has 10 days to investigate and respond to the grievance in writing.  <u>Id.</u>  Once the Sheriff has responded, the inmate has exhausted all administrative remedies.  <u>Id.</u>

    **B.     Plaintiff Did Not Exhaust Available Administrative Remedies**

At step one under <u>Turner</u>, the Court must consider the "factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take the plaintiff's version of the facts as true."  <u>Turner</u>, 541 F.3d at 1080–82.  Plaintiff's claims against Defendant Sharpe do not survive under <u>Turner</u> step one.

Defendant Sharpe states Plaintiff submitted an initial grievance regarding the incident involving Defendant Sharpe, but Plaintiff did not appeal the grievance before filing suit.  Doc. 84-1 at 5.  Defendant Sharpe points to the exhibit attached to Plaintiff's Second Amended Complaint, titled "Miscellaneous Incident Report."  Doc. 59 at 11.  The document states when the investigator attempted to speak with Plaintiff about his grievance, Plaintiff would not sign a waiver of rights provided by the investigator, and, therefore, the interview was terminated.  <u>Id.</u>

In response, Plaintiff only states he "never talked about a grievance" during the interview with the investigator.  Doc. 92 at 5.  Regardless of whether Plaintiff and the investigator

7

discussed Plaintiff's grievance, there is no dispute Plaintiff still did not fully appeal the grievance. Plaintiff admits in his Second Amended Complaint he did not appeal.[3] Doc. 59 at 12. An inmate is required to file an appeal, even when he has not yet received a response to the grievance. See Williams v. Chatham Cnty. Sheriff's Off., No. CV418-266, 2019 WL 576133 (S.D. Ga. Jan. 11, 2019), *report and recommendation adopted*, 2019 WL 570763 (S.D. Ga. Feb. 12, 2019) (dismissing a complaint for failure to exhaust where a plaintiff had received no response to his grievance but filed the complaint without attempting to appeal). Since Plaintiff did not appeal his grievance, he has not fully exhausted his administrative remedies.

The facts as stated in Plaintiff's Second Amended Complaint demonstrate he did not exhaust his administrative remedies and Plaintiff's claims against Defendant Sharpe should be dismissed. Therefore, I **RECOMMEND** the Court **DISMISS** the claims against Defendant Sharpe for failure to exhaust administrative remedies.[4]

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant Sharpe's Motion to Dismiss and **DISMISS without prejudice** Plaintiff's claims against Defendant Sharpe for failure to exhaust available administrative remedies.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge

---

[3] In his Second Amended Complaint, Plaintiff also asserts there was no appeal process. Doc. 59 at 12. Defendant Sharpe submitted evidence of the ACJ's grievance process, including the appeal process, in his Motion to Dismiss. In his Response, Plaintiff abandoned the notion there was no appeal process. Doc. 92 at 5. Thus, there plainly was an appeal process in place at the ACJ during the relevant period of time—Plaintiff simply did not pursue it.

[4] Defendant Sharpe also argued he is entitled to qualified immunity. Doc. 84-1 at 8. Because the claims against Defendant Sharpe are due to be dismissed based on Plaintiff's failure to exhaust, the Court declines to address Defendant Sharpe's remaining argument.

failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA